UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| JUAN ANTONIO CUELLAR,<br><br>Plaintiff,<br><br>v.<br><br>PRISCILLA RODRIGUEZ a/k/a PRISCILLA LUCILLE RODRIGUEZ a/k/a PRISCILLA LUCILLE ALATORRE a/k/a PRISCILLA DELATORRE, DOMINIC TELLEZ a/k/a DOMINIC L. TELLEZ, PROGRESSIVE COUNTY MUTUAL INSURANCE COMPANY, and ATLANTIC SPECIALTY INSURANCE COMPANY d/b/a ON-DEMAND COMPANIES' GROUP INSURANCE TRUST,<br><br>Defendants. | No. __3:23-cv-237__<br><br><br>On Removal from the 243rd Judicial District Court of El Paso County– there identified as Cause No.: 2023-DCV-0045 |

**DEFENDANT ATLANTIC SPECIALTY INSURANCE
COMPANY'S NOTICE OF REMOVAL**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

### A.   INTRODUCTION

1. Plaintiff is JUAN ANTONIO CUELLAR. Defendant is ATLANTIC SPECIALTY INSURANCE COMPANY ("Atlantic Specialty"), improperly named Atlantic Specialty Insurance Company d/b/a On-Demand Companies' Group Insurance Trust.

2. On April 5, 2023 Plaintiff sued Defendant through filing Plaintiff's First Amended Petition alleging causes of action against this Defendant for breach

-1-

of duty of good faith and fair dealing, violation of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, breach of express warranties, breach of implied warranties and breach of contract.

Said First Amended Petition was filed in a then pending case in the 243rd Judicial District Court in El Paso County, Texas. Such suit was styled as follows: *Juan Antonio Cuellar v. Priscilla Rodriguez a/k/a Priscilla Lucille Rodriguez a/k/a Priscilla Lucille Alatorre a/k/a Priscilla Delatorre, Dominic Tellez a/k/a Dominic L. Tellez, Progressive County, Mutual Insurance Company, and Atlantic Specialty Insurance Company d/b/a On-Demand Companies Group Insurance Trust,* Cause No.: 2023-DVC-0045.

3. Defendant was served with notice of this suit on April 19, 2023. Although this case was not removable when it was originally filed, it became removable on June 5, 2023 when the only other Defendant having been joined and having made an appearance in this case was voluntarily dismissed by Plaintiff. That Defendant was Progressive County Mutual Insurance Company. Progressive County Mutual Insurance Company was identified as a domestic Texas corporation when sued and served and Progressive County Mutual Insurance Company did not contest that it was a Texas corporation and did not contest it was a citizen of Texas.

Upon dismissal of Progressive County Mutual Insurance Company on June 5, 2023, there then became complete diversity between the only two parties currently having been joined and appeared in this suit, the Plaintiff Juan Antonio Cuellar and Atlantic Specialty. Defendant would show that other parties have been named

as Defendants in this suit, Priscilla Rodriguez a/k/a Priscilla Lucille Rodriguez a/k/a Priscilla Lucille Alatorre a/k/a Priscilla Delatorre and Dominic Tellez a/k/a Dominic L. Tellez.  However, these Defendants have not been served and have not appeared in this suit as of the date of the filing of this Notice of Removal.[1]  This Notice of Removal is filed based on the fact that as of June 5, 2023 there is now complete diversity between all parties in this suit who have been joined and the Notice of Removal is filed within one year of the commencement of this suit as required by 28 U.S.C. Section 1446(c)(1).

### B.   BASIS FOR REMOVAL

4.   Removal is proper because there is complete diversity between the parties.  28 U.S.C. Section 1332(a).  Plaintiff is a citizen of the State of Texas.  Defendant is a citizen of the State of Minnesota.  Additionally, the amount in controversy exceeds $75,000.00, excluding interest and cost.  28 U.S.C. Section 1332(a).  Plaintiff has claimed in Plaintiff's First Amended Original Petition that Plaintiff has suffered damages in the amount of over $250,000.00 but not more than $1,000,000.00 and seeks relief in a monetary amount of $250,000.00 but not more than $1,000,000.00.

---

[1] There is an Affidavit of Service filed marked 3/2/2023 (Ex. B-25) purporting to show service on Dominic Tellez.  However, the Affidavit shows that service was allegedly effected on Tellez by service on the Texas Secretary of State.  However, there is no subsequent documentation that a copy of the process was forwarded to the named Defendant at the specified address.  Moreover, pursuant to Section 17.044 of the Texas Civil Practice and Remedies Code, service on the Texas Secretary of State is only valid as to non-resident parties.  Plaintiff's Original and First Amended Petition both state that Tellez resides in El Paso County, Texas.  Thus, the Affidavit is facially invalid and does not support a claim that Tellez has been served or joined in this suit.

5. At the time of the filing of this Notice of Removal there are no other Defendants who have been properly joined and served in this suit. Consent of Defendants Priscilla Rodriguez a/k/a Priscilla Lucille Rodriguez a/k/a Priscilla Lucille Alatorre a/k/a Priscilla Delatorre and Dominic Tellez a/k/a Dominic L. Tellez is not necessary because these Defendants have not been properly joined and served. 28 U.S.C. Section 1446(b)(2)(A).

6. Copies of all pleadings, process, orders and other filings in the state court suit are attached to this Notice as required by 28 U.S.C. Section 1446(a).

7. Venue is proper in this district under 28 U.S.C. Section 1441(a) because the state court where the suit has been pending is located in this district.

8. Defendant will promptly file a copy of this Notice of Removal with the Clerk of the state court where the suit has been pending.

### C.   JURY DEMAND

9. Plaintiff did demand a jury in the state court suit.

### D.   CONCLUSION

The filing of this Notice of Removal is timely since it is filed within thirty days of the Plaintiff's voluntary non-suit with prejudice as to the only non-diverse Defendant, Progressive, who has been served and joined in this case. Further, the case has not been on file for more than one year at the time of Plaintiff's dismissal with prejudice of the non-diverse Defendant. As of the date of the voluntary dismissal of the non-diverse Defendant this case is removable to federal court.

Complete diversity exists between Plaintiff and Atlantic Specialty.

Plaintiff has affirmatively pled monetary relief of over $250,000.00. Therefore, the amount in controversy exceeds $75,000.00 and this Court has original jurisdiction over the case pursuant to 28 U.S.C. Section 1332(a)(2).

Venue is proper in this district pursuant to 28 U.S.C. Section 1441(a) because this district encompasses the county in which the removed action has been pending.

For these reasons, Defendant asks the Court to remove the suit to federal district court in the Western District of Texas, El Paso Division.

Respectfully submitted,

By: */s/ John W. Greene*
John W. Greene
State Bar No. 08391520
*jgreene@scopelitis.com*
James D. Ellman
State Bar No. 24106749
*jellman@scopelitis.com*

**SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, P.C.**
777 Main St., Suite 3450
Fort Worth, Texas 76102
Tel: (817) 869-1700
Fax: (817) 878-9472

ATTORNEYS FOR DEFENDANT

## **CERTIFICATE OF SERVICE**

On June 16, 2023, the undersigned submitted the foregoing document with the clerk of court for the U.S. District Court, Western District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ John W. Greene*
John W. Greene

4859-9932-8872,