IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **JUAN ANTONIO CUELLAR,** § | |
| *Plaintiff*, § | |
| § | |
| v. § | EP-23-CV-00237-KC-MAT |
| § | |
| § | |
| **PRISCILLA RODRIQUEZ a/k/a** § | |
| **PRISCILLA LUCILLE RODRIGUEZ** § | |
| **a/k/a PRISCILLA LUCILLE** § | |
| **ALATORRE a/k/a PRISCILLA** § | |
| **DELATORRE, DOMINIC TELLEZ a/k/a** § | |
| **DOMINIC L. TELLEZ, and ATLANTIC** § | |
| **SPECIALTY INSURANCE COMPANY** § | |
| **d/b/a ON-DEMAND COMPANIES'** § | |
| **GROUP INSURANCE TRUST,** § | |
| § | |
| *Defendants.* § | |

**ORDER DENYING DEFENDANT'S MOTION FOR LEAVE TO FILE SUR-REPLY**

Before the Court is Defendant Atlantic Specialty Insurance Company's ("Defendant"), "Motion for Leave to File Sur-Reply to Plaintiff's Reply to Defendant's Response to Motion to Remand" (hereinafter "Motion for Leave to File Sur-Reply"). (ECF No. 8). Defendant filed a "Brief in Support of Motion for Leave to File Sur-Reply." (ECF No. 9). Plaintiff filed a Response in Opposition thereto. (ECF No. 10). For the reasons set forth below, the Court will **DENY** Defendant's "Motion for Leave to File Sur-Reply."

**I.  LEGAL STANDARD**

As a general practice, neither the Federal Rules of Civil Procedure nor the local rules of this Court permit the filing of a sur-reply. But the local rules do contemplate a party seeking leave to file a post-reply submission. *See* W.D. Tex. Civ. R. 7(e)(1).

1

Although sur-replies "are heavily disfavored," it is within the sound discretion of the courts to grant or deny leave to file such additional briefing. *Warrior Energy Servs. Corp. v. ATP Titan M/V*, 551 F. App'x 749, 751 n.2 (5th Cir. 2014) (per curiam) (quoting *Weems v. Hodnett*, No. 10-CV-1452, 2011 WL 2731263, at *1 (W.D. La. July 13, 2011)). Because "the scope of the reply brief must be limited to addressing the arguments raised" in the response or memorandum in opposition, *Petty v. Portofino Council of Coowners, Inc.*, 702 F. Supp. 2d 721, 729 n.3 (S.D. Tex. 2010) (citation omitted), and "it is improper for the movant to sandbag and raise wholly new issues in a reply memorandum," *Weems*, 2011 WL 2731263, at *1, the need for post-reply briefing should be rare. As aptly explained in *Weems*,

> This court's experience, shared by others in reported decisions, is that surreplies often amount to little more than a strategic effort by the nonmovant to have the last word on a matter. The fourth brief usually just repeats arguments from the memorandum in opposition and serves only to delay resolution of the underlying motion. Accordingly, it is proper to deny a motion for leave to file a surreply where the party fails to demonstrate exceptional or extraordinary circumstances warranting the relief sought. In other words, in seeking leave to file a surreply brief, a party must identify the new issues, theories, or arguments which the movant raised for the first time in its reply brief.

*Id*. (citations omitted).

Of course, as recognized by the Fifth Circuit, "[a]rguments raised for the first time in a reply brief are generally waived." *Jones v. Cain*, 600 F.3d 527, 541 (5th Cir. 2010). Such waiver often reduces a need for a sur-reply. Nevertheless, granting leave to file a sur-reply in extraordinary circumstances "on a showing of good cause" is a viable alternative to the general practice to summarily deny or exclude "all arguments and issues first raised in reply briefs." *Layne*

*Christensen Co. v. Bro-Tech Corp.*, No. CIV.A. 09-2381-JWL, 2011 WL 3880830, at *1 n.1 (D. Kan. Aug. 31, 2011) (citation omitted).

## II.   ANALYSIS

Defendant moves for leave to file a sur-reply purportedly to respond to new arguments raised for the first time by Plaintiff in his reply to Defendant's Response to Motion to Remand.  (ECF No. 8, at 1).  Defendant states that "Plaintiff in his reply for the first time raised a new argument of bad faith removal and request for attorney's fees" and thus "requires a sur-reply." *Id*.  The Court disagrees that this consideration necessitates a sur-reply.  Neither the Defendant's instant motion nor the proposed sur-reply identifies the new arguments purportedly made in the Plaintiff's reply brief.  Further, the proposed sur-reply appears to be little more than a restatement of prior arguments and submitting various case law in support.  Plaintiff's core argument raised in the Motion to Remand is that Defendant had no basis for removal.  (ECF No. 5, ¶¶ 14, 21).  Plaintiff also included a request for attorney's fees in his Motion to Remand.  (ECF No. 5, ¶¶ 19, 20, 22). While the Court recognizes that Plaintiff's alleged bad faith statement regarding the removal during abatement was raised for the first time in the reply, Defendants have already had the opportunity to argue this point while addressing their good faith reason for removing the matter.

Having found sufficient relevant information contained in the briefs already filed in the record, the Court will **DENY** Defendant's "Motion for Leave to File Sur-Reply."

## III. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Defendant's "Motion for Leave to File Sur-Reply" (ECF No. 8) is **DENIED**.

**SIGNED** and **ENTERED** this 19th day of September, 2023.

_____
MIGUEL A. TORRES
UNITED STATES MAGISTRATE JUDGE